The People of the State of New York, on the Complaint of Perman Bros., Inc., Plaintiff, *v.* Frank Francia, Defendant.

City Magistrates' Court, City of New York, Borough of Brooklyn, Seventh District, December 9, 1931.

*Wolfson & Sand* [*Joseph H. Sand* of counsel], for the plaintiff.

*Philip Frager*, for the defendant.

Rudich, City Magistrate. The facts in this case are simple. The complainant sold a lady's diamond ring to the defendant, who paid part of the price in cash, and for the balance he executed and delivered to the complainant a purchase-money chattel mortgage, covering the ring, under which he obligated himself to pay that balance in weekly installments. The mortgage contained the usual provision that upon failure to pay any installment the mortgagee could retake the property and sell it for the account of the mortgagor, who was to remain liable for the deficiency, if any. Subsequently the defendant failed to meet some of the installments, and, being asked to disclose the whereabouts of the ring, his only reply was that he did not have it. The complainant thereupon charged him with secreting the mortgaged property, under section 940 of the Penal Law.

That part of the statute which is pertinent here reads as follows: "A person who, having theretofore executed a mortgage of personal property, * * * secretes or otherwise disposes of any part of the property, * * * with intent thereby to defraud the mortgagee * * * is guilty of a misdemeanor."

The defendant contends that since the chattel, a lady's ring, was

obviously intended for some one other than himself, there was an implied consent to his parting with possession of the property. However, the defendant is not charged with disposing of the property, but with secreting it. His fault lies, not in giving the ring to someone else, but in refusing to disclose the name and address of the person to whom it was presented. When by the terms of the written agreement he authorized the mortgagee, upon default in payment, to seize the chattel wherever it might be, he placed upon himself the active duty to reveal its whereabouts at the time of such default; and in the face of that active duty, mere inaction constitutes concealment or secreting.

The defendant further argues that these facts carry with them no proof of " intent thereby to defraud the mortgagee," as required by the statute. A person is presumed to intend the natural consequences of his acts. However chivalrous his conduct may be, the natural consequence of the defendant's act is to thwart the mortgagee in its effort to retake the property after the right to do so has accrued. It is not necessary to prove that the defendant means to deny the debt; honest intentions furnish no adequate substitute for the right to repossess the property upon default in payment. Not so easily may one transform the relationship of mortgagor and mortgagee into that of debtor and creditor. From the defendant's conduct may be spelled an intent to defeat the mortgagee in its valuable right of recapture; that, in my opinion, is equivalent to an intent to defraud the mortgagee, within the meaning of the statute.

For these reasons, the motion to dismiss the complaint and discharge the defendant is denied.